## IN THE U.S. DISTRICT COURT OF MARYLAND
## FOR DISTRICT OF MARYLAND

| | |
|---|---|
| **Christine Jackson**       * | |
| **6560 Parnell Avenue** | |
| **Baltimore, Maryland 21222**       * | |

**Megan Blankenship**       *
**6 Ambolin Court**
**Nottingham, Maryland 21236**       *

*On behalf of themselves and*       *
*others similarly situated*

      *

        **Plaintiffs**

      *

**v.**                         **Case No. _____**

      *

**Canton's Pearls, LLC**                 **JURY TRIAL DEMANDED**
**(d/b/a Canton Dockside)**       *
**3301 Boston Street**
**Baltimore, Maryland 21224**       *

**Eric K. Hamilton**       *
**3301 Boston Street**
**Baltimore, Maryland 21224**       *

        **Defendants**       *
_____/

## PLAINTIFFS' COLLECTIVE ACTION COMPLAINT
## UNDER FAIR LABOR STANDARDS ACT

Plaintiff, Christine Jackson ("Jackson") and Megan Blankenship ("Blankenship"), on behalf of themselves and others similarly situated, by and through undersigned counsel, file this Collective Action and Class Action Complaint against Defendants Canton's Pearls, LLC (t/a Canton Dockside), and Eric K. Hamilton ("Hamilton"), and demand a jury trial, as follows:

### Introduction

1.    This is a collective action for unpaid wages and overtime brought pursuant to 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and a supplemental claim for minimum wage and overtime wages

under Maryland's Wage and Hour Law, Md. Ann. Code LE art. 3-401 *et seq* ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Code Ann., LE art. 3-501 *et seq.* ("MWPCL"). This is a lawsuit brought by Plaintiffs, on behalf of themselves and all persons who have worked at the "Canton Dockside" restaurant, which is controlled and operated by Defendants Canton's Pearls, LLC and Mr. Eric Hamilton. As set forth below, Plaintiffs Jackson and Blankenship worked as tipped employees in the "front of the house," and seek to represent a class composed of themselves and others similarly situated who were not properly paid the minimum wage and overtime amounts due, from time to time. Together, Plaintiffs allege that Defendants' wage violations are systemic willful violations of the overtime and minimum wage provisions of the FLSA, the minimum wage and overtime wage provisions of the MWHL, and by extension, the MWPCL.

## Jurisdiction and Venue

2.     This Court has original jurisdiction of the FLSA action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3.     This Court has supplemental jurisdiction over the Maryland Wage and Hour Law and the Maryland Wage Payment and Collection Law claims pursuant to 28 U.S.C. § 1367(a) because said claims are so related to the FLSA claims that they form part of the same case or controversy.

4.     Venue and personal jurisdiction is proper pursuant to 28 U.S.C. § 1391(b) and (c) because the events and omissions giving rise to these claims occurred within this judicial district, and all Defendants regularly conduct business in this judicial district.

5.     Plaintiffs Jackson and Blankenship worked as full-time servers at the Defendants' Canton Dockside Crab House ("Canton Dockside") in Baltimore, Maryland. By failing to pay the Plaintiffs the statutory minimum wage and overtime wages that were due, Plaintiffs allege that

Defendants willfully violated very clear and well-established minimum wage and overtime provisions of the FLSA.  Similarly, Plaintiffs alleges that the Defendants violated the minimum wage provisions of the MWHL, and failed to pay earned wages in violation of the MWPCL.  In addition to actual sums owed, Plaintiffs seek liquidated (statutory) damages pursuant to the FLSA, pre-judgment interest on all amounts owed under the MWHL, treble damages under the MWPCL, and attorneys' fees and costs as provided under the FLSA, the MWHL, and the MWPCL.

6.      Defendant Canton's Pearls, LLC owns and operates Canton Dockside restaurant in Baltimore, Maryland.  Upon further information and belief, Defendant Canton's Pearls, LLC is owned and operated by Defendant Eric Hamilton, and his father, Earl Hamilton.

7.      At all times material herein, Canton's Pearls, LLC had an annual gross volume of sales made or business done in an amount exceeding $500,000.00.

8.      Defendant Canton's Pearls, LLC employs at least two or more employees who are engaged in commerce, produce goods for commerce, or handle, sell, or otherwise work on goods or materials that have moved in or were produced for commerce as a single enterprise under the FLSA.  For instance, there are employees of the Defendant who negotiate and purchase food from producers and suppliers who operate in interstate commerce.  There are employees who cook, serve, and otherwise handle this food, as well as the beverages, that cross interstate and even international boundaries.  There are employees who regularly use wire and electronic means of communicating interstate, including the Plaintiffs and other servers, who also regularly sell food and beverages that has moved in interstate commerce, and who regularly process credit card transactions for customer payments.  There are employees who use, in the Defendant's restaurant, cleaning products, dishes, tools, utensils, napkins, menus, signage, among other items,

that have moved in interstate commerce.  Accordingly, subject matter jurisdiction exists because the Plaintiffs were employed by a covered entity, Defendant Canton's Pearls, LLC, a covered entity, which satisfies the enterprise coverage provisions under the FLSA.  Defendant also satisfies the coverage provisions of the MWHL, insofar as it grosses at least $400,000.00/year. As a covered enterprise, Defendant has at all material times been an "employer" within the meaning of the FLSA, MWHL, and MWCPL.

9.      Defendant Eric Hamilton is, on information and belief, an officer and co-owner of Defendant Canton's Pearls, LLC.  Defendant Hamilton supervises the administration of Canton Dockside, and maintains either direct or indirect control over the scheduling of employees for work.  Upon information and belief, Defendant Hamilton receives income and/or salary from Defendant Canton's Pearls, LLC.  Defendant Hamilton has, at all material times, been actively engaged in the management and direction of employees, including the Plaintiffs, and has possessed and exercised authority and discretion to fix, adjust, and determine hours worked with respect to employees at Canton Dockside, including the Plaintiffs.  Upon information and belief, Defendant Hamilton has custody and control of business records and is responsible for maintaining those records.  At all times material herein, Defendant Hamilton was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and the MWHL, Md. Code Ann., LE § 3-401(b), and thus, Defendant Hamilton is jointly and individually liable for damages to the Plaintiff arising under the FLSA, the MWHL, and the MWCPL.

## Factual Allegations

10.     At all times relevant to the events alleged in this complaint, the Plaintiffs were employees of the Defendants under the FLSA, MWHL, and MWPCL.

11.     Plaintiff Jackson was employed by the Defendants for approximately six years up until September 30, 2014.  Plaintiff Blankenship was employed by the Defendants for approximately four years up until mid-August, 2016.  Plaintiffs Jackson and Blankenship worked as full-time servers during the three year period preceding the filing of this lawsuit.  As servers, Plaintiffs took food/beverage orders from guests and served food/beverages to guests.

12.     Plaintiffs, and others similarly situated, were not exempt from the minimum wage or overtime compensation requirements under the FLSA and MWHL.

13.     Plaintiffs, and others similarly situated tipped employees, were paid substantially less than the full minimum wage required under the FLSA and MWHL.  Defendants were required by the FLSA, 29 U.S.C. § 203(m), and the MWHL, Md. Code  Ann., LE § 3-419 (respectively), to inform tipped employees, including Plaintiffs, and others similarly situated, that among other things, the tipped employees were entitled to retain all of their tips except in a valid tip pooling arrangement, before they could *potentially* pay $3.63 an hour to the Plaintiffs, an hourly wage which is lower than the requirements of 29 U.S.C. § 206, and half of the minimum wage as set forth in Md. Code Ann., LE § 3-413.  Defendants violated 29 U.S.C. § 203(m) by failing to inform Plaintiffs Jackson and Blankenship, and other similarly situated tipped employees, that they were taking a so-called "tip credit" against Defendants' minimum wage obligations, the amount of the tip credit, or that Plaintiffs Jackson and Blankenship, and other similarly situated tipped employees, had the right to retain all tips except in a valid tip pooling arrangement, or any of the other requirements set out by law.  See 29 C.F.R. § 531.59(b).  Defendants violated the MWHL and by extension, the MWCPL, by failing inform Plaintiffs Jackson and Blankenship, and all other similarly situated tipped employees, of the provisions of Md. Ann. Code LE art. § 3-419, and its amended provisions, which among other things require the employees must be

informed of the provisions of provisions of Md. Ann. Code LE art. § 3-419 before Defendants' could pay a wage of $3.63/hour.

14.     At all material times, Defendants knowingly adopted and enforced a policy and practice of not paying overtime compensation to Plaintiffs Jackson and Blankenship, and other tipped employees who regularly worked more than forty (40) hours per week.  This policy and practice was systematically enforced by Defendant Hamilton and Timothy Mitchell, for all tipped employees, including servers, bartenders and bussers, until sometime in 2016.   Accordingly Plaintiffs Jackson and Blankenship, and other similarly situated tipped employees, regularly worked more than 40 hours in a statutory workweek, but were not paid overtime compensation. Under the FLSA, Plaintiffs, and others similarly situated, should have received at least $10.88/hour for all overtime hours worked in a statutory workweek (or, alternatively, if Defendants are determined to be in compliance with the requirements of 29 U.S.C. § 203(m), which Plaintiffs allege that they are not, the Defendants would have been required to pay Plaintiffs, no less than $7.26/hour under the FLSA for all overtime hours worked in a statutory workweek).  Under the MWHL, Defendants were also required to pay overtime compensation to Plaintiffs Jackson and Blankenship, and other tipped employees who regularly worked more than forty (40) hours per week, during the period since July 1, 2014.  Defendants violated the FLSA and MWHL by not paying overtime compensation to tipped employees, like the Plaintiffs, and others similarly situated, who worked more than forty hours per week.

## Class Allegations

15.     Plaintiffs seek to represent two distinct collective classes:

        A.      The FLSA minimum wage class (Count I) consists of all persons who performed  any  tipped  work  at  Canton  Dockside,  including  servers,  bussers  and

bartenders, at any time during the period beginning three years from the date of commencement of this lawsuit through the date of class certification and were paid less than the full minimum wage (the "FLSA Minimum Wage Class").

      B.      The FLSA overtime class (Count II) consists of all persons who performed any tipped work at Canton Dockside, including servers, bussers and bartenders, at any time during the period beginning three years from the date of commencement of this lawsuit through the date of class certification, who worked in excess of forty (40) hours per week and were paid less than 1 ½ times his/her regular rate of pay for overtime hours worked at Canton Dockside (the "FLSA Overtime Class").

16.     There are questions of fact and law common to both classes, including but are not limited to, whether Defendants violated FLSA, by requiring Plaintiffs and other proposed Class Members to work over forty hours in a workweek without proper payment.

17.     The claims of Plaintiffs are typical of the classes they seek to represent.  Moreover, the questions of fact and law common to Class Members predominate over any questions affecting only individual members, as all Class members are current or former tipped employees who were not properly paid the minimum wage or overtime compensation.  Individual issues will relate solely to the quantum of relief due to the individual Class Members.  Upon information and belief, Plaintiffs believe that many current and former tipped employees would be eligible to participate in the FLSA Minimum Wage Class and the FLSA Overtime Class, and who share common supplemental claims under the MWHL and MWPCL.  The proposed classes are easily ascertainable as the number and identities of the Class Members are readily determinable from employee and payroll records that the Defendants maintain.

18.     Plaintiffs will fairly and adequately protect the interests of the class.  The interests of the

named Plaintiffs are consistent with, and not antagonistic to, those of the class.

19.     The named Plaintiffs are represented by competent counsel who are experienced in complex FLSA litigation.  Counsel are licensed to practice in Maryland and have been admitted to practice before the U.S. District Court of the District of Maryland.

20.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, and is consistent with the legislative history of the FLSA. Collective action treatment will permit a large number of similarly situated persons to receive notice and prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that number individual actions engender.

21.     Maintenance of this action as a collective action would promote the equitable administration of justice because pursuing claims on an individual basis would be disproportionately expensive.

22.     The prosecution of separate claims by individual Class Members would create a risk of inconsistent or varying adjudications with respect to the individual members of that class that would establish incompatible standards of conduct for Defendants.

### Causes of Action

### COUNT I
**(FLSA - Failure to Pay Minimum
Wage to Plaintiffs and Class Members)**

23.     Plaintiffs incorporate paragraphs 1-22 as set forth above, and state that Defendants' actions complained of herein, in failing to inform Plaintiffs Jackson and Blankenship, and similarly situated tipped employees, that it was taking a tip credit in accordance with 29 CFR § 531.59(b), and constitute a willful violation of 29 U.S.C. § 206 (minimum wage), because

Defendants have at all material times failed to pay Plaintiffs Jackson and Blankenship, and similarly situated tipped employees, the required minimum wage rate, free and clear, and in a timely manner, and otherwise failed to comply with the requirements of 29 U.S.C. §203(m).

24.     Plaintiffs Jackson and Blankenship, and similarly situated tipped employees, have the legal right to receive the full minimum wage, as required by Federal law and Applicable Federal regulations.

## COUNT II
### (FLSA - Failure to Pay Overtime
### Compensation to Plaintiffs and Class Members)

25.     Plaintiffs incorporate paragraphs 1-24 as set forth above, and states, in addition, that Defendants' actions complained of herein constitute a violation of Section 207 of the FLSA, because Defendants willfully failed to pay Plaintiffs, and others similarly situated, an overtime wage of at least 1 ½ times the applicable minimum wage of $7.25/hour, for certain statutory work weeks, and as a result, Plaintiffs have failed to receive overtime pay, as required by Section 207 of the FLSA, 29 U.S.C. § 207.

## COUNT III
### (MWHL/MWCPL - Failure to Pay Overtime
### Compensation and Earned Wages to Plaintiffs)

26.     Plaintiffs incorporate paragraphs 1-25 as set forth above, and states, in addition, that Defendants' actions complained of herein constitute a violation of Md. Code Ann., LE § 3-415, because Defendants willfully failed to pay Plaintiffs Jackson and Blankenship, and other similarly situated tipped employees who opt into this lawsuit, an overtime wage of at least 1 ½ times the applicable minimum wage for statutory work weeks in which he/she worked more than forty hours per week during the period since July 1, 2014.

27.     As a result, Defendants owe Plaintiffs Jackson and Blankenship, and other similarly

situated tipped employees who opt into this work and who worked more than forty hours per week during the period since July 1, 2014, overtime in the amount of 1 ½ times their respective regular rates of pay.

28.     At all material times, Defendants implemented and enforced a policy and practice of not paying overtime compensation to tipped employees, including Plaintiffs Jackson and Blankenship, who worked more than forty hours per week.  Plaintiffs state that the actions of Defendants, in failing to pay wages (overtime) that are legally owed, free and clear, without coercion and intimidation, are a violation of the MWCPL, Md. Code Ann., LE § 3-502(a)(ii) and § 3-505(a).

29.     That the MWCPL further compels each employer and employee to make, as part of any working agreement, a promise to pay overtime compensation, as applicable under the MWHL.

30.     Defendants' violations of the MWPCL were not the result of a bona fide dispute.

31.     Plaintiffs, and others similarly situated who opt into this lawsuit, are thus entitled under the MWPCL, Md. Code Ann., LE § 3-507.2 to an award of treble damages and attorneys' fees with respect to the wages, i.e., the MWHL-mandated wages that have gone unpaid.

## COUNT IV
### (MWHL/MWPCL- Failure to Pay Minimum Wage)

32.     Plaintiffs incorporate paragraphs 1-31 as set forth above, and state that Defendants' actions complained of herein constitute a violation of Md. Code Ann., LE § 3-413 (minimum wage), because Defendants have at all material times failed to pay Plaintiffs, and other similarly situated tipped workers who opt into this lawsuit, a proper minimum wage rate, free and clear and in a timely manner, and otherwise failed to comply with the requirements of Md. Code Ann., LE § 3-419.  As a result, Plaintiffs have the legal right to receive the full minimum wage, as required by Maryland law, less their respective regular rates of pay.

33.     That the MWCPL further compels each employer and employee to make, as part of any working agreement, a promise to pay not less than the statutory minimum wage, as applicable under the MWHL.

34.     Defendants' violations of the MWPCL were not the result of a bona fide dispute.

35.     Plaintiffs, and other similarly situated tipped workers who opt into this lawsuit, are thus entitled under the MWPCL, Md. Code Ann., LE § 3-507.2 to an award of treble damages and attorneys' fees with respect to the wages, i.e., the MWHL-mandated wages that have gone unpaid.

## Prayer

Based on the foregoing allegations, Plaintiffs respectfully request that this Court grant money damages in an amount to be determined by the evidence, exclusive of attorney's fees and costs; and in support thereof, request this Honorable Court to issue the following Orders:

(a)     Issue notice to all persons similarly situated to Plaintiffs who were employed by Defendants, who otherwise fall within one of the proposed FLSA classes, informing them of their right to file opt-in consent forms to join the FLSA portion of this action, and certify this action as collective actions pursuant to 29 U.S.C. § 216(b) as to Counts I-II;

(b)     Order Defendants to pay Plaintiffs and the Class Members all unpaid minimum and overtime wage payments determined by the Court to be due and owing to Plaintiffs and/or the Class Members under the FLSA (and under the MWHL), as well as a sum of liquidated damages in an amount equal to the amount of any unpaid minimum wage payments awarded and overtime payments awarded to Plaintiffs and/or the Class Members;

(c)     Award Plaintiffs pre-judgment interest on any sums determined to be due and owing from Defendants under the MWHL;

(d)     Award Plaintiffs and other similarly situated tipped workers who opt into this lawsuit, pre-judgment interest on any sums determined to be due and owing from Defendants;

(e)     Award Plaintiff and other similarly situated tipped workers who opt into this lawsuit, three times the amount earned wages not paid to Plaintiffs and other similarly situated tipped workers who opt into this lawsuit, i.e., the MWHL-mandated wages;

(g)      Award Plaintiffs and/or the Class Members their reasonable attorneys' fees and costs; and

(h)     Grant Plaintiffs and other similarly situated tipped workers who opt into this lawsuit, any additional relief that the Court deems appropriate and just.


Respectfully submitted,


/s/ *(with permission)*____          /s/  Bradford W. Warbasse___
Howard B. Hoffman                    Bradford W. Warbasse
Federal Bar No. 25965                Federal Bar No. 07304
600 Jefferson Plaza, Ste. 304        401 Washington Avenue, Ste. 200
Rockville, Maryland 20852            Towson, Maryland 21204
(301) 251-3752                       (410) 337-5411

*Counsel for Plaintiff*                *Counsel for Plaintiff*


## Jury Demand

The Plaintiffs, by their attorneys, hereby demand a jury trial as to all issues triable by a jury.

*/s/ Bradford W. Warbasse*
Bradford W. Warbasse